The STATE of Ohio, Appellee,

v.

HARTMAN, Appellant. (Four Cases.)

CITY OF VAN WERT, Appellee,

v.

HARTMAN, Appellant. (Three Cases.)

[Cite as *State v. Hartman* (1988), 61 Ohio App.3d 729.]

Court of Appeals of Ohio,
Van Wert County.

Nos. 15–87–8 through 15–87–14.

Decided Dec. 30, 1988.

*George F. Crummey,* Law Director, for appellee.

*Michael W. Kirkendall,* for appellant.

J. THOMAS GUERNSEY, Judge.

These are related appeals from cases heard and determined in the Van Wert Municipal Court involving charges against a single defendant, Daniel J. Hartman. Case No. 15–87–8 is an appeal of case No. 87 TRC 4042, involving a charge of driving while under the influence in violation of R.C. 4511.19(A)(3). Case No. 15–87–9 is an appeal of case No. 87 CRB 175, involving a charge of disorderly conduct in violation of R.C. 2917.11. Case No. 15–87–10 is an appeal of case No. 87 TRD 4044, involving a charge of reckless operation in violation of R.C. 4511.20. Case No. 15–87–11 is an appeal of case No. 87 TRD 4046, involving a charge of failure to drive on the right side of a roadway in violation of Van Wert City Ordinance 72.01. Case No. 15–87–12 is an appeal of case No. 87 TRD 4043, involving a charge of failure to stop after an accident in violation of Van Wert City Ordinance 73.20. Case No. 15–87–13 is an appeal of case No. 86 CRB 228 involving a charge of domestic violence in

violation of R.C. 2919.25(B), a sentence therein and a subsequent violation of probation granted on conditional suspension of that sentence. Case No. 15–87–14 is an appeal of case No. 87 TRD 4045, involving a charge of failure to stop after an accident in violation of Van Wert City Ordinance 73.20. All of the cases involving ordinance violations were improperly captioned in the trial court in that the state of Ohio was named as plaintiff instead of properly captioned with the city of Van Wert, Ohio, being named as plaintiff. We will assume for the purposes of these appeals that the improper captions are not in issue.

All of the cases, except municipal court case No. 86 CRB 228, involve charges arising from conduct occurring on June 9, 1987. Case No. 86 CRB 228 was originally heard as to conduct occurring on June 21, 1986, and the defendant was sentenced therein on July 1, 1986, to one hundred eighty days in jail, given ten days' jail credit and one hundred sixty days of the imprisonment were suspended on a number of probation conditions. On June 12, 1987, counsel for the state of Ohio moved the municipal court "to impose the 160 day suspended sentence in the above case for violating the terms of his probation," apparently because of the charged violations occurring on June 9, 1987.

It is represented in appellant's brief, the prosecution not filing a brief, that those charges to which the defendant did not plead guilty or no contest, were tried together to the trial court, and that the defendant was found guilty as to each. In any event, the trial court considered and disposed of all seven cases together in a single journal entry of judgment, captioned in all seven cases, a copy of which was filed in each case from which these appeals were taken. This journal entry was filed in each case on July 20, 1987, and appeals by the defendant from the judgment of sentence were timely filed thereafter in each of the seven cases.

The defendant assigns error of the trial court as follows:

"I.  * * * in sentencing defendant to a state penal or reform institution for a series of misdemeanors when said defendant had not been indicted by the county grand jury.

"II.  * * * in using a probation violation from a year old domestic violence case as the requisite offense of violence to sentence defendant to state penal or reform institution under R.C. 2929.41(E)(4)."

It is appellant's claim that defendant "was sentenced to five hundred twenty days in jail and ordered under R.C. 2929.41(E)(4) to serve that sentence in a state penal or reform institution, * * * the defendant appellant's case was never examined by a Grand Jury and thus, he was not indicted for this offense," all contrary to Section 10, Article I of the Ohio Constitution

requiring indictment of a grand jury in all cases for which the penalty provided is imprisonment in the penitentiary.

Defendant's claims are readily answered by the application of the provisions of R.C. 2929.41 to the actual provisions of the sentencing entry. That entry, captioned as to all seven of the trial court cases, prescribes *in its entirety:*

"On July 7, 1987 all the captioned cases came for consideration as to sentence. The court in determining sentences has considered all Ohio statutes and on the issue of probation all its factors required in Chapter 2951. It is the finding of the Court as follows:

"1. Regarding case # 86 CRB 228; It is a crime of violence and a violation of probation has been proven and therefore, the 180 days sentence is imposed with 20 days credit for time served.

"2. On case # 87 TRC 4042; Defendant is sentenced to 180 days jail; his license is suspended for a period of one year; fined One Hundred and no/100 ($100.00) Dollars and ordered to pay court costs.

"3. On case # 87 TRC 4043; Defendant sentenced to a period of 180 days *to run concurrently* with that of # 87 TRD 4042 and ordered to pay costs of this action.

"4. On case # 87 TRD 4044; defendant finded [*sic*] the sum of One Hundred and no/100 ($100.00) Dollars and ordered to pay court costs.

"5. On case # 87 TRD 4045; Defendant is sentenced to 180 days in jail and ordered to pay costs. Such *to be consecutive to the prior sentences.*

"6. On case # 87 TRD 4046; defendant fined in the sum of Ten and no/100 $10.00 and ordered to pay court costs.

"7. On Case # 87 CRB 175; defendant fined in the sum of Twenty-five and no/100 Dollars and costs.

"8. The court upon due consideration of the representation by defendant's probation officer, court diagnostic center, Van Wert Mental Health Center, and tests, the Court finds that it is appropriate to invoke the sentencing provision of O.R.C. 2929.41E4 [*sic*]. It is therefore the order of the Court *that the aggrigate [sic] term shall be served at a State Penial [sic] or Reform Institution.*

"IT IS THEREFORE ORDERED." (Emphasis added.)

At this juncture it should be noted that paragraphs 4, 6 and 7, relating to case Nos. 87 TRD 4044 (our No. 15–87–10), 87 TRD 4046 (our No. 15–87–11), and 87 CRB 175 (our No. 15–87–9), impose no terms of imprisonment, but merely fines, and are not affected by any of the challenges of appellant to erroneous sentences of confinement. As to those cases, therefore, no error as

claimed is portrayed and the judgments of sentence in those cases must be affirmed.

As to the remaining cases we first note the provisions of R.C. 2929.41(E)(4):

"*Consecutive terms of imprisonment* imposed shall not exceed:

" * * *

"(4) An aggregate term of eighteen months, when the *consecutive terms imposed* are for misdemeanors. When *consecutive terms* aggregating more than one year *are imposed* for misdemeanors under the Revised Code, and *at least one such consecutive term is for a misdemeanor of the first degree that is an offense of violence*, the trial court may order *the aggregate term imposed* to be served in a state penal or reformatory institution." (Emphasis added.)

Thus, for the trial court to be able to impose "penal or reformatory institution" confinement in these cases, involving only misdemeanors, two things must exist: (1) the *aggregate consecutive terms* of imprisonment imposed for the respective misdemeanor offenses must be more than one year and less than eighteen months, and (2) at least one such *consecutive term* is for a misdemeanor of the first degree that is an offense of violence. What terms are then *consecutive* as defined by law? For that definition we must consider the pertinent provisions of R.C. 2929.41(A) and (B). They are:

"(A) *Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed* by a court of this state, another state, or of the United States. * * *

"(B) *A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:*

"(1) *When the trial court specifies that it is to be served consecutively;* * * *." (Emphasis added.)

 Thus, in the circumstances of these cases and these appeals, the sentences of imprisonment are *consecutive* only if specified by the trial court to be *consecutive;* if *not* so specified the sentences of imprisonment are to be served *concurrently.* Again examining the judgment of sentence we find only one place therein where the trial court specified that sentences are to be consecutive, and that is as to the sentence in paragraph 5 respecting case No. 87 TRD 4045, where its sentence of "180 days in jail" is specified "to be consecutive to the prior sentences." The prior sentences, even if we consider the sentence involving the probation violation (paragraph 1), are not specified to be served *consecutively* to each other and, therefore, must be served concurrently to each other by virtue of the operation of R.C. 2929.41(A) and

(B), above quoted. The "prior" sentences become consecutive, as a group, only to that sentence contained in paragraph 5 by virtue of the reference in that paragraph. Thus, the *aggregate consecutive terms* of imprisonment are the one hundred eighty days to be served under paragraph 5 plus the maximum of one hundred eighty days to be served concurrently under the prior sentences, making a total of only three hundred sixty days, being less than a year. Accordingly, the trial court had no right or authority to invoke the provisions of R.C. 2929.41(E)(4) and order that the sentences in these four imprisonment cases to be served in a penal or reformatory institution. That being the case, since penitentiary imprisonment can not be involved, neither may the provisions of Section 10, Article I of the Ohio Constitution requiring indictment by grand jury come into play. Accordingly, the cases involving imprisonment in jail only were properly tried without indictment.

We find the first assignment of error not well-taken because indictment is not involved. We do not further treat the second assignment of error as to the probation violation because to do so would be immaterial to our decision and wholly *obiter dictum.*

However, since plain error exists involving a manifest miscarriage of justice as to the provision of the trial court's judgment ordering penal or reformatory confinement, for that error we reverse and vacate its judgment in each of the confinement cases to that extent only, but otherwise affirm it in each of those cases.

*Judgments reversed in part*
*and affirmed in part.*

MILLER, P.J., and COLE, J., concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.